J-S52025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JEREMY D. GREENFIELD | |
| Appellee | No. 230 MDA 2017 |

Appeal from the Order Entered January 9, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004192-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED AUGUST 07, 2017**

The Commonwealth of Pennsylvania appeals from the trial court's order granting Defendant Jeremy D. Greenfield's pretrial motion to suppress the results of a warrantless blood test[1] following the stop of his vehicle for suspected Driving Under the Influence (DUI).  After careful review, we affirm.

While responding to a call for a theft-in-progress in a residential development, police observed Greenfield's vehicle driving at a high rate of speed down the center of the road.  Officer Rocco DeCamillo stopped

---

[1] In its notice of appeal, the Commonwealth certifies that the trial court's order granting Greenfield's motion to suppress terminates or substantially handicaps the prosecution of this case.  **See** Pa.R.A.P. 311(d).  Thus, the appeal is properly before us. **Commonwealth v. Ivy**, 146 A.3d 241, 244 n.2 (Pa. Super. 2016).

Greenfield's vehicle and immediately noticed an odor of burnt marijuana emanating from the vehicle. The officer suspected that Greenfield was under the influence of the controlled substance as he exhibited bloodshot and glassy eyes and was "droopy" in appearance. Greenfield refused to answer Officer DeCamillo's question regarding when he had last used marijuana. The officer administered four field sobriety tests, all of which Greenfield failed. Police uncovered marijuana and drug paraphernalia in the center console of Greenfield's car.

Greenfield was arrested and transported to St. Joseph's Hospital for blood testing. After reading Greenfield his **O'Connell**[2] warnings from a DL-26 form, Greenfield consented to a blood draw.[3] The results indicated that

---

[2] The **O'Connell** warnings are contained on Pennsylvania's DL-26 form, which provides that if a person refuses to consent to a blood test, his or her license could be suspended for at least one year and that, if convicted of violating 75 Pa.C.S. § 3802(a), he or she will face more severe penalties because of the refusal. **See Commonwealth, Dep't of Trans. v. O'Connell**, 555 A.2d 873 (Pa. 1989).

[3] The affidavit of probable cause states, in pertinent, part:

> At 0411 hrs., I transported GREENFIELD to the St. Joseph's Medical Center (SJMC) for chemical testing. We arrived at SJMC at 0424 hrs. At 0400 hrs., I read the chemical test warnings to GREENFIELD and he consented to a chemical test of blood. He signed the DL-26 Chemical Test Warnings form and the SJMC Lab Request form.
>
> At 0443 hrs., four samples of blood were drawn from GREENFIELD's right arm.

Affidavit of Probable Cause, at 6/28/16 at 7.
*(Footnote Continued Next Page)*

Greenfield had tetrahydrocannabinol, or THC, the active chemical compound in marijuana, in his blood. On June 28, 2016, Greenfield was charged with DUI-controlled substance (1st offense),[4] possession with intent to use drug paraphernalia,[5] and possession of a small amount of marijuana for personal use.[6] On October 13, 2016, Greenfield filed a pretrial motion to suppress, claiming that there was no probable cause for the vehicle stop and that the blood draw was an illegal seizure under ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016).

After a hearing, the trial court issued findings of fact and conclusions of law and granted Greenfield's suppression motion on January 9, 2016. On February 1, 2016, Commonwealth filed this timely appeal. On appeal, the Commonwealth raises the following issues for our review:

(1)    Did the trial court err in suppressing evidence of the [Greenfield]'s blood test results pursuant to ***Birchfield v. North Dakota***, [] 136 S.Ct. 2160 [] (2016)[,] in a drug-related DUI prosecution, where blood testing is the only available method in Pennsylvania to determine whether a suspect is driving under the influence of a controlled substance, and thus the Pennsylvania Implied Consent Statute is wholly enforceable?

(2)    Did the trial court err in suppressing evidence of [Greenfield]'s blood test results pursuant to ***Birchfield v.***

_(Footnote Continued)_ ————————————

[4] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § (d)(1)(i).

[5] 35 P.S. § 780-113(a)(32).

[6] 35 P.S. § 780-113(a)(31).

***North Dakota***, [] 136 S.Ct. 2160 [] (2016) in a drug-related DUI prosecution, where the potential penalties listed on the DL-26 form properly reflected the penalties related to the drug-related DUI convictions, rendering the consent to the blood draw voluntary?

On June 23, 2016, the United States Supreme Court decided ***Birchfield***, ***supra***, in which it invalidated any criminal sanction assessed for refusing to submit to a blood test in the absence of a warrant. The Court determined that with regard to blood tests, the police must either seek a warrant or show exigent circumstances. As a result, the Court held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." ***Id.*** at 2186. In the case where a motorist is not prosecuted for refusing a test but rather has submitted to a test where the police gave inaccurate information that the law required submission, the Court remanded the case to the state court to "reevaluate the motorist's consent given the partial inaccuracy of the officer's advisory." ***Id.***

On appeal, the Commonwealth contends that suppression under ***Birchfield*** was improper where blood testing is the only available method in Pennsylvania to determine whether a suspect is driving under the influence of a controlled substance.

In ***Commonwealth v. Ennels***, 2017 PA Super 217 (filed July 11, 2017), our Court recently addressed the issue regarding ***Birchfield***'s applicability in drug-related, not alcohol-related, DUI prosecutions. In that case, the Commonwealth similarly argued that because breath tests are only

useful in determining the presence and amount of *alcohol* in a suspect's system, warrantless blood tests should be permissible in drug-related DUI investigations. In rejecting that argument, our Court held that "[n]o matter the substance suspected of affecting a particular DUI arrestee, **Birchfield** requires that a blood test be authorized either by a warrant (or case-specific exigency) or by individual consent not based on the pain of criminal consequences." **Id.** at *11.[7] Thus, this issue was squarely addressed and rejected in **Ennels**; therefore, the Commonwealth's first claim on appeal fails.

In its final issue, the Commonwealth asserts that because the DL-26 form properly reflected the penalties for drug-related DUI convictions, Greenfield's consent to blood testing was voluntary. Specifically, the Commonwealth contends that implied consent remains a valid exception to the warrant requirement.

In **Ennels**, our Court addressed this same issue, concluding that:

[E]ven if the DUI charges related to only controlled substances, we would conclude that the trial court did not err in finding [the defendant's] consent was involuntary. The DL-26 form read to and signed by [the defendant] informed him that he would face enhanced penalties if he refused the blood test. . . . That those happened to be the same penalties for DUI (controlled substance) is irrelevant to the voluntary-consent analysis.

---

[7] In fact, the Supreme Court in **Birchfield** considered and rejected the argument that warrantless blood tests should be permissible as searches incident to arrest because they can detect substances other than alcohol. 136 S.Ct. at 2185.

Although the form identified the applicable statutes, it did not mention the penalties for DUI of a controlled substance, or that the enhancements applied only to those convicted of DUI of alcohol. **Under the totality of the circumstances, a reasonable person would believe that the enhanced penalties applied if he refused the chemical test and later was convicted, regardless of whether he was convicted of an alcohol-related DUI or a drug-related DUI**.

*Id.* at *16-*17 (emphasis added). Again, the *Ennels* court rejected the exact argument advanced by the Commonwealth on appeal. Thus, it has no merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2017